IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. __1:20cv21216__

JESUS DE ISRAEL VALLE,

    Plaintiff,

vs.

HOSPITALITY DORAL, LLC, a Florida
limited liability company,

    Defendant.
_____/

## COMPLAINT

COMES NOW, JESUS DE ISRAEL VALLE ("Plaintiff"), by and through undersigned counsel, and hereby sues HOSPITALITY DORAL, LLC ("Defendant") pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq.*, and in support thereof states as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343, as Plaintiff's claims arise under 42 U.S.C. § 12181, *et seq.*, and more specifically, Title III of the ADA.

## VENUE

2. Venue lies within this district pursuant to 28 U.S.C. § 1391(b)(2) because, *inter alia,* the property that is the subject of this action is located within this district and the events that gave rise to Plaintiff's claim occurred within this district.

**PARTIES**

3. Plaintiff, Jesus de Israel Valle, is an individual who resides in Orlando, Florida, and is over eighteen (18) years of age and otherwise *sui juris*. Plaintiff is disabled as defined within the ADA, as Plaintiff suffers from a mental impairment that substantially limits one or more major life activities due to post-traumatic stress disorder (PTSD), obsessive compulsive disorder (OCD), and general anxiety. *See* 28 C.F.R. § 36.105(d)(2)(k). Plaintiff uses a service animal—a dog—to alert others when Plaintiff is suffering from a PTSD episode, and to offer comfort to counteract the PTSD episode.

4. Defendant, Hospitality Doral, LLC, is a Florida limited liability company with its principal place of business in Miami. Defendant transacts business within the State of Florida, and within this Court's judicial district, and is believed to be the owner, operator, or franchisee of the DoubleTree by Hilton Miami Doral located at 10250 NW 19th Street, Doral, Florida (the "DoubleTree").

**GENERAL ALLEGATIONS**

5. On July 26, 1990, Congress enacted the ADA under 42 U.S.C. § 12181, *et seq.*, which sought to (a) eliminate discrimination against individuals with disabilities; (b) provide clear, consistent, enforceable standards addressing such discrimination; and (c) invoke the sweep of congressional authority in order to ensure discrimination against disabled individuals is addressed. *See* 42 U.S.C. § 12101(b)(1)-(4).

6. Thereafter, Title III of the ADA was revised to require public accommodations conform to the ADA regulations on or before March 15, 2012, and provided a provision for the use of service animals, which states, "Generally, a public accommodation shall modify policies,

practices, or procedures to permit the use of a service animal by an individual with a disability."

*See* 28 C.F.R. § 36.302(c)(1).

7. Title III's revisions also mandated as follows:

> A public accommodation shall not ask about the nature or extent of a person's disability, but may make two inquiries to determine whether an animal qualifies as a service animal. A public accommodation may ask if the animal is required because of a disability and what work or task the animal has been trained to perform. ***A public accommodation shall not require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal***."

*See* 28 C.F.R. § 36.302(c)(6). (Emphasis Added).

8. Public accommodations may "not ask or require an individual with a disability to pay a surcharge, even if people accompanied by pets are required to pay fees, or comply with other requirements generally not applicable to people without pets . . . ." *See* 28 C.F.R. § 36.302(c)(8).

9. Defendant, which owns, operates or is a franchisee of the DoubleTree where Defendant's violations occurred, is a place of public accommodation as defined in the ADA:

> Place of accommodation means a facility operated by a private entity whose operations affect commerce and fall within at least one of the following categories—
> (1) Place of lodging, except for an establishment located within a facility that contains not more than five rooms for rent or hire and that actually is occupied by the proprietor of the establishment as the residence of the proprietor. For purposes of this part, a facility is a "place of lodging" if it is—
>  i. ***An inn, hotel, or motel*** . . . .

*See* 28 C.F.R. § 36.104(1)(i). (Emphasis Added). Defendant's DoubleTree houses more than five (5) rooms for rent and, upon information and belief, is not occupied by the proprietor of the establishment as the residence of the proprietor.

10. Plaintiff, who suffers from PTSD and OCD, requires the use and accompaniment of a service animal, a dog, which is "individually trained to do work or perform asks for the benefit

of an individual with a disability, including a physical, sensory, psychiatric, intellectual or other mental disability." *See* 28 C.F.R. § 36.104.

11. Plaintiff's service animal is trained to assist Plaintiff with intense PTSD episodes. Plaintiff's service animal alerts others when Plaintiff is experiencing such an incident and provides consolation and relief to Plaintiff to subdue these episodes.

12. On or about January 31, 2020, Plaintiff was checking in at Defendant's DoubleTree when he was asked to provide documentation as proof that Plaintiff's service animal has been trained, certified, or licensed as a service animal.

13. The employee at the time of Plaintiff's check-in requested the Plaintiff to demonstrate proof of the service animal's registration because it was customary and required for DoubleTree employees to request service dog documentation.

14. Specifically, the interaction, which was recorded, went as follows:

   a. Defendant's Employee: Can I just see real quick the documents of the dog?

   b. Plaintiff: The what?

   c. Defendant's Employee: The documents so I can place it under the reservation and then I can go ahead and … (inaudible).

   d. Plaintiff: Documents?

   e. Defendant's Employee: Like, you know, normally when it's a service dog they give you like an ID of the dog.

   f. Plaintiff: That's not required to be answered.

   g. Defendant's Employee: Yeah, normally, when there's, like, service dogs in order to … (in audible).. you just need to prove, like, you know, an ID just to prove that the service dog is a service dog …I'm not gonna [sic] charge you for that, but just

to let you know. Some of the Hiltons, their requirements are that you need to present the ID.

15. Plaintiff informed Defendant's staff that he was disabled and thus, he was not required to show documentation concerning his service animal.

16. Defendant's conduct was unreasonable and discriminatory, causing Plaintiff severe stress and embarrassment in the presence of others.

17. Additionally, based on the Defendant's conduct and words, it appears that this is a customary practice of the Defendant and is not permitted under governing law.

18. Defendant's failure to reasonably accommodate Plaintiff and his service animal directly violates 28 C.F.R. § 36.302(c)(6)-(8).

## COUNT I
## VIOLATION OF AMERICANS WITH DISABILITIES ACT

19. Plaintiff realleges and reincorporates paragraphs 1-18 above as if fully set forth herein.

20. Plaintiff is an individual that suffers from PTSD, OCD, and general anxiety, each of which are mental impairments that substantially limit one or more major life activities, rendering Plaintiff disabled pursuant to 28 C.F.R. § 36.105(d)(2)(k).

21. Plaintiff requires the use and companionship of a service animal trained for the benefit of Plaintiff and, more specifically, to alert others when Plaintiff is enduring an acute PTSD episode and subdue such occurrence. *See* 28 C.F.R. § 36.104.

22. Defendant owns, operates, or is the franchisee of the DoubleTree where Plaintiff lodged on or about January 31, 2020, which constitutes a public accommodation as defined in 28 C.F.R. § 36.104(1)(i).

23. As Plaintiff was checking-in, Plaintiff was asked for documented proof that Plaintiff's service animal was trained, licensed, or otherwise certified as a service animal, in direct violation of 28 C.F.R. § 36.302(c)(6).

24. Plaintiff advised Defendant that Plaintiff was disabled and as such, Plaintiff was not obligated to present such certification and/or records.

25. Defendant not only obligated Plaintiff to provide such evidence but also threatened to assess an additional surcharge to Plaintiff's account if Plaintiff refused to provide proof of the service animal's credentials, in direct violation of 28 C.F.R. § 36.302(c)(8).

26. Defendant's failure to reasonably accommodate Plaintiff caused Plaintiff extreme stress, humiliation, and anxiety, all while in the presence of other patrons at Defendant's DoubleTree.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter the following injunctive, declaratory, and other relief:

a) Declare Defendant's DoubleTree is in violation of the ADA;

b) Enter an Order requiring Defendant to reasonably accommodate disabled individuals with service animals to the full extent required by Title III of the ADA;

c) Enter an Order directing Defendant to evaluate their policies, practices, and procedures towards persons with disabilities, for such reasonable time so as to allow Defendant to complete such remedial procedures;

d) Award reasonable attorney's fees, all costs (including expert fees), and other expenses incurred in this suit to Plaintiff, pursuant to 42 U.S.C. § 12205;

e) Award Plaintiff damages for the distress and humiliation sustained at Defendant's DoubleTree; and

f) Award any and all other relief as this Honorable Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated March 20, 2020.

        The Law Office of Fausto A. Rosales, P.A.
        *Attorneys for Plaintiff*
        150 Alhambra Circle, Suite 710
        Coral Gables, FL 33134
        Phone: 786-505-1024
        Fax: 786-221-5090
        Primary Email:   mlopez@dtmiamilaw.com
        Secondary Email:   jpalenzuela@dtmiamilaw.com
                            eservice@dtmiamilaw.com

By: _____
     Max A. Lopez, Esq.
     Florida Bar No. 98665
     mlopez@dtmiamilaw.com
     Jannel Palenzuela, Esq.
     Florida Bar No. 1018366
     jpalenzuela@dtmiamilaw.com